IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| RWAYNE WALTON, | * | |
| Plaintiff, | * | |
| v. | * | Civil Case No. SAG-24-cv-01681 |
| ANGELA L. WASHINGTON, *et al.*, | * | |
| Defendants. | * | |

## MEMORANDUM OPINION

This Court has reviewed the Application for Entry of Default filed by self-represented Plaintiff Rwayne M. Walton ("Plaintiff") against three defendants: Angela L. Washington, Terrance Deanes, and Suzanne Rouse. ECF 19. In his Amended Complaint, Plaintiff characterizes this case as one "for Violations of Due Process Rights" and seeks a variety of injunctive relief directed at proceedings before the Virginia Division of Child Support Enforcement ("VDCSE"). ECF 14.

Any party seeking default has an uphill battle, as the Fourth Circuit has "repeatedly expressed a strong preference that, as a general matter, defaults be avoided and that claims and defenses be disposed of on their merits." *Colleton Prep. Acad. v. Hoover Universal*, 616 F.3d 413, 417 (4th Cir. 2010). Additionally, default is inappropriate in this matter for two reasons. First, default requires that proper service of process be effected on each defendant. *See Armco, Inc. v. Penrod-Stauffer Bldg. Sys., Inc.*, 733 F.2d 1087, 1089 (4th Cir. 1984). Here, the documentation Plaintiff filed does not reflect that any of the three defendants were properly served. ECF 17, 18. Federal service of process requires personal service, leaving a copy of the summons and complaint at the defendant's dwelling with someone of suitable age and discretion who resides there, or

serving an agent authorized to accept service. Fed. R. Civ. P. 4(a)(2). Here, Plaintiff sent the summons and complaint to these defendants in Virginia by certified mail, return receipt requested. *See* ECF 18-1, 18-2. Service by that method would only be valid if it complied with Maryland or Virginia state law. *See* Fed. R. Civ. P. 4(e)(1) (permitting service by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made").

Maryland law permits in-person delivery to the defendant, leaving a copy of the summons and complaint at the defendant's dwelling with a resident of suitable age or discretion, or mailing by certified mail requesting "Restricted Delivery." Md. R. Civ. P. Cir. Ct. § 2-121(a). The exhibits in this case show that the documents were mailed by certified mail with signature required, but not that they were mailed "Restricted Delivery." ECF 18-2. Two of the receipts reflect signatures of unknown persons who are not the named defendants, and the third bears no signature at all and indicates that delivery was refused. *Id.* Thus, the Defendants have not been properly served under Maryland law. Virginia law requires in-person delivery to the defendant, delivering a copy to a resident of the defendant's address who is a member of the defendant's family over the age of 16, or a process involving posting a copy of the process at the front door of the defendant's residence. Va. Code § 8.01-296. The record does not reflect that those steps have been taken in this case. In fact, one of the addresses in use is a post office box and one appears to be a business address, not a residence. *See* ECF 18-1. Accordingly, there has not been proper service of process on any defendant in this case, under either federal, Maryland, or Virginia law, on which default could be premised.

Second, even if service had been properly effected, venue does not appear to lie in this district, and the basis for an exercise of personal jurisdiction by this Court is unclear. All of the

events described in the Amended Complaint took place in Virginia, ECF 14, and the addresses for all of the Defendants are Virginia addresses. ECF 18-1. Plaintiff's residence in Maryland does not suffice to give this Court personal jurisdiction over the Virginia defendants, who do not appear to have taken any action in Maryland at all. Venue is also in question. The relevant statute, 28 U.S.C. § 1391, provides that a civil action may be brought in a judicial district in which any defendant resides or in a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred. Here, that would be Virginia, not Maryland.

By accompanying order, Plaintiff's Application for Entry of Default, ECF 19, will be denied and the Amended Complaint, ECF 14, will be dismissed without prejudice, to permit him to refile it in the appropriate district if he so chooses. The case will be closed.

Dated:  February 10, 2025                                    /s/
                                                                    Stephanie A. Gallagher
                                                                    United States District Judge